## J. H. BEAN v. M. C. STEPHENS, et al.

Eastern Section. January 29, 1927.

No petition for Certiorari was filed.

**Bills and notes. The fact that the endorser of a note also guarantees its payment does not destroy the endorsement.**
In an action on a note, where the makers of the note defended on the ground that the holder was not a holder in due course, because the note was not properly endorsed, held that the fact that the endorsement contained a guaranty to pay did not destroy the right of the plaintiff to recover on the note, as a holder in due course.

Appeal from Chancery Court, Knox County; Hon. Chas. Hays Brown, Chancellor.

Affirmed.

Donaldson & Montgomery, of Knoxville, for appellant.

Lee, Price, McDermott & Meek and J. Alvin Johnson, of Knoxville, for appellee.

SNODGRASS, J. The bill in this cause was filed to collect a negotiable promissory note in the sum of $500 dated October 18, 1918, executed by the defendants, M. C. Stephens and wife, Lula B. Stephens, to S. R. Rambo, by said Rambo endorsed to the complainant, J. H. Bean, before maturity and for value, and at the time of the execution, sale and delivery of the note to complainant there was no equity existing that could have been urged against its payment.

The bill sought also to foreclose a mortgage lien evidenced by a trust deed to one W. L. Jack to secure the payment of the note, conveying the tract of land described in the bill and in the decree. Jack was made party, but later the bill was dismissed as to him, he being an unnecessary party. One other object of the bill was to have another mortgage or deed of trust made to M. D. Arnold, trustee, to secure the Fidelity Trust Company on a loan of $1424 to the defendants Stephens and wife declared inferior to complainant's lien, and to have an alleged satisfaction of complainant's lien that had been entered upon the records of Knox county set aside as without authority.

There were the usual answers, denying that complainant was the holder of the note in due course, claiming payment to Rambo, who was averred to be the agent with authority to receive such payment

and denying that the release upon the books of complainant's lien was unauthorized or void.

The Chancellor sustained the bill, embodying his findings in the decree, which ascertained the amount, principal, interest and attorney's fee due on the note to be the sum of $646.80 at the date of the decree, directing the land described in the bill to be sold, unless the amount adjudged as due on the note be paid into court within thirty days from date. The Master was directed, after advertising the land in the manner and form required by the trust deed, to sell said land at public auction, to the highest bidder, for cash, in bar of the equity of redemption, as provided in the face of the trust deed and as prayed for in the bill and at the bar, in bar of all homestead rights, and apply the proceeds thereof, (1) to the payment of the costs, fees and expenses of the sale; (2) to the payment of the full amount of the indebtedness, including interest and attorney's fees herein adjudged and decreed in complainant's favor; and (3) the remainder, if any, to the defendants, M. C. Stephens and Lula B. Stephens, or their solicitors of record.

To this decree the defendants, Stephens and wife, Arnold, trustee and the Fidelity Trust Company excepted, prayed for, obtained and perfected an appeal to this court, and have assigned the following as error:

"The learned Chancellor erred in holding that complainant became the holder in due course of the note sued on herein, when said note and the testimony of complainant show that it was never endorsed to. complainant under the law merchant, and the makers, having paid the original payee without notice of any assignment or other transfer of the note to complainant, the complainant cannot now enforce said note."

We entirely agree with the findings of the Chancellor, which are set out on pages 45 to 51 both inclusive of the record, which is here referred to and made a part hereof, but it will not be necessary to further set out the findings here. Indeed the defense is practically simmered down to the sole question as to whether or not the endorsement found on the note is a commercial endorsement made in accordance with the law merchant, which it is insisted is essential to its effectual transfer to protect the holder against payment to Rambo, the original payee, which was done, believing him to be the rightful one to receive it, notwithstanding the note itself was absent at the time in the hands of the complainant, who had not authorized Rambo to collect the same or to acknowledge satisfaction of the lien upon the records.

In their brief supporting the assignment defendants say:

"Now we are not asking this Honorable Court to hold that Rambo was Bean's agent in the matter of collection on this note.

We take as little stock in the so-called agency proposition as this Honorable Court has heretofore done in other Rambo cases.''

We think that whatever may have been the effect of the delivery of the note by Rambo to the complainant, accompanied as it was by the signed statement on the back thereof, it was the purpose of both that the complainant be vested with the title to said note, not as pledgee or in any other restricted form, but as the absolute owner; that the complainant paid full value for it at the time as a purchase, that it was before the note was due, and that complainant not only had no knowledge of any equities that might at that time have been urged against the note, but that as a matter of fact there existed no such equities at the time. Also that subsequent to such transfer (unless the payment to Rambo thereafter is such) nothing has occurred that should estop him to insist upon its payment, or the subjection of the security to its satisfaction. The endorsement is as follows:

"The undersigned endorser of this note hereby guarantees payment of the principal and interest of this note, and all costs of collection. S. R. Rambo.''

Whether under section 3016a57 Shannon's Code a payment by the makers to the original holder or payee, after his assignment for value, and before maturity, and while the same was outstanding in the hands of his transferee would protect the makers, even though the transaction be not regarded as a commercial endorsement under the negotiable instrument law, it is, we think, not necessary to be determined. We regard the signed statement on the back of the note an endorsement, plus a guaranty. We do not see, if brevity is the soul of wit, how any more apt and expressive terms could have been employed to subserve it and convey the idea than those that were used. Rambo characterizes his signature as an endorsement of the note, and adds that he guarantees its payment. The word ''endorser'' in the connection in which it is used is not so much a description of the person who signs the statement as it is descriptive of the character in which he signs. His signature should not therefore be limited to evidencing merely a guaranty, and the authorities cited in support of the assignment we do not think to be in point.

The judgment of the Chancellor is affirmed, and a decree will be entered here for the amount found by the Chancellor, with interest from the date of his decree, against the makers of the note and their securities on the appeal bond, and, if desired, the cause will be remanded also for sale of the land as provided for in the Chancellor's decree.

The complainants will pay the costs of the cause below as adjudged by the Chancellor in accordance with the statute entailing the same

as a penalty for failing to list note for taxation, but appellants and their securities on the appeal bond will pay the costs of the appeal.

Portrum and Thompson, JJ., concur.